IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHLEEN A. STEWART, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| AT&T, INC., and AT&T PENSION BENEFIT PLAN- NON BARGAINED PROGRAM, | § § § § § | SA-08-CV-0272 H |
| Defendants. | § § | |

## ORDER DENYING MOTION TO COMPEL

This order addresses plaintiff Kathleen Stewart's motion to compel.[1]  I have authority to resolve the motion because it is nondispostive and because the district judge referred the motion to me for a determination.[2]  In the motion, Steward complained that defendants AT&T, Inc. and AT&T Pension Benefit Plan-Nonbargained Program failed to produce documents in response to her class discovery requests.  Stewart also complained about the defendants' objections to her requests.

Having considered the motion and response, the motion to compel will be denied. Stewart did not certify that she conferred, or attempted to confer, with the defendants in good faith prior to filing her motion.  Both the Federal Rules of Civil Procedure and the Local Rules

---

[1]Docket entry # 93.

[2]Docket entry # 95.

1

require that parties confer prior to filing a discovery related motion.[3]  The rules go on to require the movant to include a certification of compliance with the rules with her motion.  Stewart communicated with the defendants' attorneys about class certification issues before she requested discovery, but she did not meet and confer about the defendants' objections to her requests.

Additionally, Stewart propounded the discovery which is the subject of this motion before the parties conducted their mandatory Rule 26(f) conference.[4]  Rule 26(d) of the Federal Rules of Civil Procedure provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."  There is no dispute that the parties have not conducted a Rule 26(f) conference, possibly because the parties filed cross-motions for summary judgment.[5]  Stewart asked for leave to conduct discovery relevant to her class certification request in her motion for clarification and order respecting certain class certification issues,[6] but the district judge has not granted the request.  Without an order excusing compliance with Rule 26(f) and (d)(1) the motion to compel and the discovery which is the subject of the motion are

---

[3] *See* Fed. R. Civ. P. 37(a)(1) (requiring "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); Local Rules for the Western District of Texas CV-7(h) (indicating that the court may"deny a nondispositive motion unless the movant advises the [c]ourt within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason(s) that no agreement could be made").

[4] Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

[5] Docket entry #s 73 & 80.

[6] Docket entry # 74.

premature.

Having failed to confer prior to filing the motion and having failed to conduct the Rule 26(f) conference prior to propounding the subject discovery, it is ORDERED that Stewart's motion to compel (docket entry # 93) is DENIED.

**SIGNED** on October 15, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE